UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY, | No. 2:16-cv-0023-AC |
| Plaintiff, | |
| v. | ORDER |
| THE SACRAMENTO COUNTY POLICE DEPARTMENT; and OFFICER GILBERT S. HALL, BADGE # 454, | |
| Defendants. | |

Plaintiff is proceeding in this action pro se and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was transferred from the Fresno Division of this court (ECF No. 3), and referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

I. SCREENING

Granting IFP status does not end the court's inquiry, however. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1    Plaintiffs must assist the court in making this determination by drafting their complaint so
2 that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the
3 reason the case is filed in this court, rather than in a state court), as well as a short and plain
4 statement showing that plaintiffs are entitled to relief (that is, who harmed the plaintiffs, and in
5 what way).  Plaintiffs' claims must be set forth simply, concisely and directly.  See "Rule 8" of
6 the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8).  The Federal Rules of Civil Procedure
7 are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-
8 rules-civil-procedure.
9    Forms are available to help pro se plaintiffs organize their complaint in the proper way.
10 They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA
11 95814, or online at www.uscourts.gov/forms/pro-se-forms.
12    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
14 court will (1) accept as true all of the factual allegations contained in the complaint, unless they
15 are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
16 plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327;
17 Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at
18 Pasadena, 592 F.3d 954, 960 (9th Cir. 2010); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).
19    However, the court need not accept as true, legal conclusions cast in the form of factual
20 allegations, or allegations that contradict matters properly subject to judicial notice.  See Western
21 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors,
22 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).
23    Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
24 Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may
25 only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
26 of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
27 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an
28 ////

opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II.  THE COMPLAINT

According to the complaint, on December 17, 2015 at 9:30 a.m., at the Gospel Mission at 400 Bannon Street in Sacramento, defendant Hall used excessive force on plaintiff while Hall was trying to clear the sidewalk of homeless people.  The complaint further alleges that as a result, plaintiff was injured in his foot and ankle, and defendant refused him medical attention.  The complaint contains no allegations against the Sacramento County Police Department.

## III.  ANALYSIS

The complaint states a cognizable Section 1983 (42 U.S.C. § 1983) claim for relief against defendant Hall for the use of excessive force in violation of the Fourth Amendment to the U.S. Constitution.   If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

However, the complaint fails to state a cognizable claim against Sacramento County Police Department.  The Police Department cannot be held liable under Section 1983 based solely upon the conduct of Officer Hall, as that would be "vicarious liability."  See Connick v. Thompson, 563 U.S. 51, 60 (2011)) (municipal defendants "are not vicariously liable under § 1983 for their employees' actions").  Instead, the Police Department can be held liable only for the harm caused by its own actions and policies.  Id. (municipal defendants "are responsible only for their own illegal acts") (internal quotation marks omitted); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).  Therefore, "to prevail on a Fourth Amendment § 1983 claim against a municipal defendant or police department," plaintiff must allege facts showing:

> (1) that he was "deprived of [his] constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which amount to deliberate indifference to ... constitutional rights; and (3) that these policies [were] the moving force behind the constitutional violations."

Gant v. County of Los Angeles, 772 F.3d 608, 617 (9th Cir. 2014) (quoting Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001)).

One way the "customs or policies" requirement can be satisfied is if plaintiff can truthfully allege facts showing that he was harmed by the Police Department's custom or policy of conducting inadequate "training or supervision," where that training or supervision "is sufficiently inadequate as to constitute 'deliberate indifference' to the righ[t]s of persons" with whom its officers come into contact. Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989) (quoting City of Canton v. Harris, 489 U.S. 378 (1989)). The requirement can also be satisfied if plaintiff can truthfully allege facts showing that the Department ratified Officer Hall's allegedly unconstitutional conduct. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (Section 1983 claim may be made out by acquiescence in a longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity).

Plaintiff's complaint alleges no such facts against the Department, and therefore, the complaint fails to state a claim against it.

## IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2), is GRANTED.

3. Plaintiff may proceed now to serve Officer Hall, as set forth below (instructions numbered 5-9), and pursue his claims against only that defendant. Alternatively, he may delay serving Officer Hall, and attempt to state a cognizable claim against the Sacramento County Police Department.

4. **If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the Police Department, he has thirty days so to do** (and he may skip instructions numbered 5-9, below). He is not obligated to amend his complaint, and may instead proceed only against Officer Hall (see instructions 5-9, below). If plaintiff chooses to amend so that he can sue the Police Department, the amended complaint will also be subject to screening.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. In the amended complaint, as in the original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

5. **If plaintiff elects to proceed now against Officer Hall alone**, then within thirty days he must return the materials for service of process that are enclosed with this order, as described below. In this event the court will construe plaintiff's election as consent to the dismissal of all claims against the Sacramento County Police Department, without prejudice.

6. Service is appropriate for the following defendant: Officer Gilbert S. Hall, Badge # 454.

7. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant, one summons, a copy of the complaint filed December 30, 2015 (ECF No. 1), an instruction sheet, and an appropriate form for consent to trial by a magistrate judge.

8. Within 30 days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents, and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed USM-285 form for each defendant listed in number 3, above;

    c. One completed summons;

    d. One copy of the endorsed complaint for each defendant; and

    e. A completed form to consent or decline to consent to trial by the magistrate judge.

9. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

////

////

////

////

10. Failure to comply with this order may result in a recommendation that this action be dismissed for lack of prosecution and failure to comply with a court order.

DATED: January 29, 2016

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE SACRAMENTO COUNTY POLICE DEPARTMENT; and OFFICER GILBERT S. HALL, BADGE # 454,<br><br>　　　　Defendant. | No.  2:16-cv-0023-AC<br><br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　Plaintiff submits the following documents in compliance with the court's order filed _____:

　　\_\_\_\_　completed summons form

　　\_\_\_\_　completed USM-285 forms

　　\_\_\_\_　copies of the complaint

　　\_\_\_\_　completed form to consent or decline to consent to magistrate judge jurisdiction

_____　　_____
Date　　　　　　　　　　　　　　　　　　　　Plaintiff